Case number three for argument today is Karwacki against Kaul. Mr. Sultan. Good morning and may it please the court my name is William Karwacki. Right now in the state of Wisconsin and throughout the country criminal justice practitioners, both criminal defense lawyers and prosecutors are negotiating misdemeanor plea deals and felony level cases so that the defendant doesn't lose the right to keep and bear arms. I don't know how many cases, how many plea hearings I've personally appeared in but my memory is that in every single one the court advised my client that if convicted of a misdemeanor plea or any other right, including the right to vote, it's it's that important. And that's really what this case is about. Mr. Sultan, before you go too much further, can I clarify please, are you appealing the facial challenge ruling or just the as-applied? Oh your honor, the district court only dismissed the case on the basis of as-applied challenge but yes I guess the appeal is challenging both. We brought up both an as-applied challenge and a facial challenge. The district court didn't address that as it wasn't required to. How could you succeed on a facial challenge given that the state statute 941 applies to all out-of-state crimes, not just misdemeanors? So we could come up with lots of scenarios where you're convicted of a felony for murder in another state and you move to Wisconsin and therefore you can't have a firearm in Wisconsin. I don't think you would dispute that that's constitutional. That is correct, your honor. So how could you succeed on a facial challenge because there are constitutional applications of the statute? The specific subsection 1MB applies to convictions from other jurisdictions that would be a felony if it had been committed in the state of Wisconsin and I think that formulation itself is is problematic. So essentially the way that the statute is used and certainly the way that it was used to deny Mr. Karwacki's CCW. But that has applied. You're talking about the way it was used here. On the facial challenge all applications have to be unconstitutional and the example I just gave I think even you would agree is a constitutional application if you commit a violent felony in another jurisdiction that it's constitutional for Wisconsin to prohibit you from carrying a firearm. Yes we are not challenging the felony bar in this case. Hold on so let's get I want to make sure we're clear on this there's no facial challenge. The district court did rule on the facial grounds that was the very last there's one last paragraph in Judge Ludwig's opinion and he says the facial challenge fails because the as applied challenge fails. Are you are you advancing a facial challenge here or not? On appeal we just I guess we'll concede that we just challenged the as applied ruling by the district court. And so as it pertains to Mr. Karwacki as explained in our complaint this comes to you on a motion to dismiss. Mr. Karwacki was in the military. He was charged in a special courts martial with delivering peyote among service members. He entered into a misdemeanor plea deal. In that case he received a misdemeanor conviction along with a bad conduct discharge in negotiating that resolution. Why does the word misdemeanor matter? If you look at the federal statute 922 g1 it says it's unlawful to own a gun by a person quote who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. In other words the label misdemeanor felony whatever just doesn't matter you're looking at the maximum sentence. Wisconsin seems to be doing the same thing by defining felony for purposes of state law in a certain way. Why is that any more forbidden than the federal approach which just looks at the maximum custodial term? So as it pertains I think generally I think the the label misdemeanor means less than one year in prison. I think that's just the term of art that typically applies. Yes yes and no. There are actually federal statutes defining misdemeanors as less than five years in prison. A domestic violence misdemeanor under federal law is less than two years in prison. Right so things are defined as misdemeanors in federal law with a maximum sentence over one year and therefore within the scope of 922 g1. What I'm asking is why it violates the Constitution for Wisconsin to do the same thing by a different route? Sure except I would contend that the state of Wisconsin does in fact define misdemeanor and felony and by using the word felony in the statute it presupposes the Wisconsin definition of what a felony is. There are only two other states that I think have similar laws one of which is Maine which requires an elements based analysis. The state of Wisconsin doesn't require that but I think that would be closer to what your honor was talking about in terms of looking at the actual elements of the offense to see if it would fall within a felony classification in that state. The state of Wisconsin doesn't do that they just say felony or misdemeanor and the state defines a felony as any crime punishable by more than one year in prison and that is not the case for Mr. Karwacki's delivering peyote misdemeanor and so I do think there's a significant distinction there. I would also point out that Mr. Karwacki's conviction is a non-violent offense from years ago. It's drugs. Drugs we have said repeatedly are violent offenses. I think my understanding of the case law would be you know I mean I haven't seen a single case involving misdemeanor possession or delivery of any sort of controlled substance as being labeled as violent. Again back to taking out the misdemeanor label as Judge Easterbrook noted our case law is fairly consistent that possession of drugs, dealing of drugs, drugs that involves violence or the potential for violence. There is case law that that indicates that you know drug dealing you know that using a firearm can be that you can restrict the possession of a firearm for someone convicted of felony drug trafficking although that's not the exact conviction for Mr. Karwacki. We conceded in the complaint that he was that the title of his conviction was possession or delivery of peyote but the actual elements and underlying facts aren't in front of the court because we just had the case dismissed on a motion to dismiss. I don't think that any sort of delivery of a controlled substance automatically equates to a violent offense for a life and we're talking about a lifetime ban only within the state and as far as I can tell in looking at. Do you have any law to support that that possession of drugs for distribution is not a violent offense? Categorically? Categorically. No I do not. I mean what seems to I don't want to put words in your mouth Mr. Sultan you should correct me if I'm mistaken. You seem to be saying look it wasn't the world's worst crime he got convicted of in the military. He got convicted of distributing peyote and the conduct involved what passing peyote out at a party to his friends or something? Yes sir. It's just very hard for us to draw legal lines like that because if you just change the fact pattern and say well let's suppose he was passing out crack cocaine you know my suspicion is you're you would based upon the intuition that underlies your argument you'd say well that might be a real problem for him you know with the disarmament. I just don't know how we can draw lines like that. I mean you might be right in characterizing the underlying offense but it's drug distribution. In Wisconsin we treat it as a felony. Same way they would distributing crack cocaine. Except I would argue that that I don't think that a lifetime ban for that conduct is appropriate. So your position would have to be whether it's peyote, crack, heroin, methamphetamine you can't you can't permanently disarm somebody. Correct. And I would also point out that when Mr. Karwacki was brought into the special courts marshal and he cut the plea deal that he did with the federal government which also included a bad conduct discharge as opposed to a dishonorable discharge which under federal law you're prohibited from possessing a firearm at the dishonorable discharge you know certainly he cut that with the understanding that he would still be able to possess a firearm in the future and that was his understanding for the majority of his life until he moved to the state of Wisconsin and learned that the state of Wisconsin regarded it as a felony for purposes of stripping him of his Second Amendment rights. And Wisconsin's formulation would apply to a whole host of you know misdemeanor convictions that as we pointed out in our brief you know the state of Wisconsin generally doesn't prohibit. I guess I'd also say that 941 29 doesn't apply to any person in Wisconsin who's convicted of Wisconsin misdemeanor. So it doesn't actually bar anybody in the actual state of Wisconsin. So if Mr. Karwacki had been convicted of... How is that a Second Amendment challenge? Well the the application of the statute to Mr. Karwacki is only being applied because he has a federal conviction. The same conduct if it would if if it had occurred within the state and was a conviction in the state would not prohibit him from possessing a firearm. So the state of Wisconsin makes a distinction between convictions at the state level and convictions everywhere else. That sounds like a different argument than Second Amendment. Understood but I think that the I guess the other thing I would say is I think it's sort of arbitrary as a how it was applied to Mr. Karwacki in this case. The state in its decision denying his CCW permit doesn't explain why other than to say that the conviction would have been a felony in the state of Wisconsin. And so at least from our perspective we think that you know the the statute is unconstitutional under the Second Amendment and we'd ask you to reverse. I'll reserve the remainder of my time. Certainly counsel. Mr. Bibb. Good morning Your Honors. May it please the Court Assistant Attorney General Aaron Bibb for Defendant Josh Call. Wisconsin law bans firearm possession by any person who has been convicted of a crime elsewhere that would be a felony if committed in this state. It's undisputed that Mr. Karwacki was committed convicted of peyote delivery. It's undisputed that under Wisconsin law that conviction would be a felony punishable by up to 15 years imprisonment. There is no misdemeanor crime for drug delivery in Wisconsin of peyote. Drug delivery of peyote is a felony. Full stop. The sole question in this appeal is whether this law is constitutional when applied to a man who was convicted of peyote delivery. Even jurisdictions and judges that take a very expansive view of the scope of the palms upholding this law as applied to Mr. Karwacki. I'd like to begin with a couple points of clarification about what's in the record and what's not. Mr. Karwacki's briefing tries to characterize his crime in ways that go beyond the facts that are in the complaint that were before the district court. For example on page three of his or page eight of his initial brief he describes his conduct as sharing peyote among fellow service members years ago and is passing out peyote among friends. The only facts in the record regarding his crime are found in paragraph three of his complaint which says that he was convicted of unlawfully delivering peyote, a misdemeanor offense, in a special court-martial and given a bad conduct discharge. This complaint says nothing about when he delivered peyote or whom he delivered it to. The same goes to his counsel's comments about the effects of his plea deal. There's nothing in the record that says anything about Mr. Karwacki's understanding of that at the time. One final point of clarification, Mr. Karwacki's counsel said that the conduct would have been a misdemeanor if committed in Wisconsin. I wanted to point out the relevant state law here which is that peyote is classified as a Schedule 1 narcotic under Wisconsin's version of the Uniform Controlled Substances Act. That's WIS Stat 961.144M and delivery of a parallel to the U.S. Really defined as a narcotic? That's my understanding, Your Honor. Peyote is a hallucinogen, not a narcotic, but states may have weird schedules. Lacking experience in that area on a personal basis, Your Honor. I'll defer to your knowledge. In any event, it's not in dispute that the conduct would be a felony if committed in Wisconsin. This is the first time that's been suggested. Does Wisconsin have a mechanism where he could apply and say he's no longer a danger? Not to my knowledge, Your Honor. My understanding is the state simply looks... It's all or nothing. That's my understanding, Your Honor. And there are there are dissents from other jurisdictions that suggest that such a procedure would be required here, but I'm not aware of any court holding that in the case of a drug delivery conviction that such an after-the-fact assessment is required constitutionally. Under your argument, could there ever be an as-applied challenge to this statute? Our state's position, Your Honor, is that it is constitutionally in all applications. Even in nonviolent, that there's no way to challenge? That's our state's position, Your Honor. However, I would just suggest that this case doesn't present close questions like that. There's a lot of hypotheticals we could look at that just simply don't speak to POD delivery. I sensed you were arguing that the state legislature has unfettered discretion to make these determinations, so I just wanted to confirm that. I think that the case law supports, certainly supports, that the state can decide whether certain categories of people are considered dangerous. I'm not aware of a binding case on us that says that the category of felon is not one of those, not one of those constitutional categories, but I know that that has not been litigated post-Bruin and Rahimi in this court. In those cases, Bruin and Rahimi... Do we know whether Karwackius applied for a pardon? Not to my knowledge, Your Honor. That's not in the record. We also know that he did not... I assume if he received a pardon, that would also lift the state disability. There's a... Not necessarily, Your Honor. In Moran, I believe, that concerned the collateral consequences of a conviction. That might speak more... Now that I think about it, Your Honor, that would speak more to the circumstances of a plea deal rather than a pardon. I don't want to speak out of If it's a pardon, I believe full faith and credit would require that, Your Honor. It's not full faith and credit. It's the pardon clause. I've never understood what the full faith and credit clause has to do with military decisions. They're not courts by ordinary standards. Well, to my knowledge, there's no pardon application. There's certainly none in the record, and nothing suggests that conviction is no Mr. Karwacki doesn't claim to have obtained, let alone or sought, a pardon. Correct, Your Honor. So if the court has no questions at this point, I'll turn to the historical evidence that I believe supports the application of Wisconsin's law in this case. First off, I believe there's no question that states are free to impose categorical firearm restrictions on at least certain categories of people that are deemed dangerous by the state. The historical evidence that now Justice Barrett discusses in her Cantor dissent, she goes through much of that at length. The English tradition of disarming anyone judged to be dangerous to the peace of the kingdom. Colonial laws allowing disarmament of certain religious and racial groups deemed potentially dangerous. And of course, as she notes in her footnote, the racial categories would certainly be unconstitutional now under the 14th Amendment, but they are relevant to the original understanding of the scope of the amendment, of the Second Amendment. She looks at proposed state constitutional amendments regarding disarming certain groups of criminals. She says these demonstrate a common concern of threatened violence and the risk of public injury. She concludes that these laws show that the state can take away the right to bear arms from a category of people that it deems dangerous. It's a judgment, she says, that the state may make on a class-wide basis. And this court has reviewed similar historical sources in Sywart. Now that case was, of course, about whether a person who's a current user, an unlawful user of intoxicating substances, or excuse me, of unlawful substances can be disarmed. And the court said that these sources were not relevant to that determination, but it did categorize them as concerned about keeping firearms away from groups that might pose a threat to the public. So I think the reasoning there applies here as well. I think sources from other jurisdictions provide further support for the state's position. The Fifth Circuit's decision in Kimball, and the Fifth Circuit is a jurisdiction that has certainly taken an expansive view of Second Amendment rights in such cases. In Kimball, the court, the Fifth Circuit had no problem upholding a categorical bar on, as it applied to a defendant who is convicted of a state drug delivery felony after he was found carrying drugs in cash. It accepted the government's argument that drug trafficking is an intrinsically dangerous felony, and legislatures can disarm those who pose a threat to the safety of others. We accept that approach and hold that G1, the federal felon in possession ban, is constitutional as applied to defendants with predicate felonies for drug trafficking offenses because of the intrinsic violence of the drug trade. There are other jurisdictions that have similar holdings or made similar points. The Sixth Circuit in the United States v. Williams in 2024, in rejecting the argument that the federal felon in possession ban is constitutional in all applications, nevertheless relied on similar history as discussed here to observe that colonial governments frequently deemed entire groups too dangerous to possess weapons, and it said that crimes like drug trafficking can support a categorical ban, that they pose a significant threat of danger because they often lead to violence. That's on page 659 of that opinion. Similarly, now Justice Barrett's dissent in Cantor, that case did not involve a drug crime, but she herself made the distinction between categorical bans on nonviolent drug-related offenses and felony perjury or mail fraud, suggesting that the drug-related offenses, in that case a ban, would be constitutional because of the inherent risk of violence in the drug trade, whereas the latter would not be. The court asked Mr. Sultan about Wisconsin's process for reviewing applications. That evidence is not in the record. I would be happy to share my understanding of that process if it's helpful to the court, with the understanding that it's not in the record below, but my understanding is that the state does look to the elements of the offense in the original jurisdiction to compare them to the elements of the crime in Wisconsin to see if there is an elements-to-elements match. My understanding is that in some cases, if it is necessary to look beyond the elements of the offense, say if it involves offenses based on the level of a substance that is involved, if the levels don't quite match up, it will look to the judgment of conviction to see which category it would fall into in Wisconsin, but we do have an elements-to-elements match. You're describing what federal courts describe as the modified categorical approach, an oxymoron that has not been as successful as the justices may have hoped. So it's contagious. To the extent that it's helpful to the court in understanding the process, I just wanted to share that information. If the court has any other questions for me, I'd be glad to answer them. Thank you for your time. Mr. Salter, anything further? Yes. I'm not suggesting that the delivery of drugs is a misdemeanor in Wisconsin, but what I am telling you is that I've negotiated those felony level charges to a misdemeanor, so it really does matter what the facts of the case are and what the state used here was merely the title of the misdemeanor conviction that Mr. Karwacki had. The state's process for determining what the analysis was for Mr. Karwacki is in the record. The state submitted it arguing that it was incorporated in the complaint, so that is in the record. Those are the decisions we have. That's what we have on it. Yes, this case does come to you as a, you know, on a motion to dismiss, and I think that, you develop the whole record from what happened in that special courts marshal to talk about what the actual facts were in Mr. Karwacki's case, but what I can say with certainty is that a Wisconsin defendant charged with any drug delivery case that's pled down to a misdemeanor can walk out of court that same day with a loaded firearm, no questions asked, and the process used for Mr. Karwacki simply applies to the fact that his conviction is from another jurisdiction. That's why we brought the case and that's why we're asking you to reverse the decision. Thank you. Thank you, counsel. The case is taken under advisement.